IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATHANIEL L. HALL,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>OFFICER G. CLEAVER, et al.,<br><br>　　　　Defendants.<br>　　　　　　　　　　　　　　　　／ | No. C 11-06284 YGR (PR)<br><br>**ORDER DENYING DEFENDANTS'** ***EX PARTE*** **REQUEST FOR EXTENSION OF TIME TO FILE MOTION FOR SUMMARY JUDGMENT; REFERRING CASE TO PRO SE PRISONER SETTLEMENT PROGRAM; AND DIRECTING PARTIES TO PARTICIPATE IN MANDATORY SETTLEMENT PROCEEDINGS** |

　　　　Plaintiff filed this *pro se* civil rights action under 42 U.S.C. § 1983. Thereafter, this action was reassigned to the undersigned judge.

　　　　In an Order dated February 9, 2012, the Court found that Plaintiff had stated a cognizable Fourth Amendment claim against Defendants. The Court directed Defendants to file an answer to the complaint by April 10, 2012 and to file a motion for summary judgment by July 9, 2012.

　　　　Defendants have filed an answer to the complaint; however, they failed to file a motion for summary judgment by the July 9, 2012 deadline.

　　　　On August 23, 2012, Clerk's Office staff contacted defense counsel, Richard North, Esq., to inquire about whether a motion for summary judgment would be filed. Attorney North represented to Clerk's Office staff that he would file a brief within the following two weeks. However, again, Defendants failed to file a motion for summary judgment.

　　　　Before the Court is a January 22, 2013 letter written by Attorney North, in which he admits to missing the initial deadline and to making the representation to Clerk's Office staff in August 2012 but failing to file the promised motion for summary judgment. Attorney North claims that he has been busy over the last year "managing a heavy caseload, including multiple trials." (Jan. 22, 2013 Letter by Atty. North at 2.) He now seeks leave to "move for summary judgment on a schedule of the Court's determination that will allow sufficient time for the scheduling and taking of Plaintiff's deposition at his place of incarceration in Vacaville." (*Id.*) The Court construes this statement as an

*ex parte* request for an extension of time in which to file a motion for summary judgment.

Defendants have failed to establish good cause for their current request for an extension of time.  First, the request is untimely, as it was not filed at least fifteen days prior to the due date for the motion, as directed in the Court's Order of Service.  Second, Defendants have had ample time -- more than a year, in fact -- to conduct Plaintiff's deposition as the Court, in its February 9, 2012 Order of Service, granted them "leave pursuant to Rule 30(a)(2) to depose Plaintiff and any other necessary witnesses confined in prison." (Feb. 9, 2012 Order at 4.)  Finally, as mentioned above, the motion for summary judgment is presently overdue, and the Court finds unavailing Defendants' argument that an extension of time is warranted.  Accordingly, Defendants' request for an extension of time is DENIED.

This case has been pending for more than a year and the events at issue occurred two and a half years ago.  If the case must go to trial even further delay in resolution will be incurred, as will expenses.  Having considered all of these factors, the Court finds that it is in the best interests of the parties and judicial efficiency to refer this action to a Magistrate Judge for *mandatory* court-ordered settlement proceedings.

The Northern District of California has established a Pro Se Prisoner Settlement Program.  Certain prisoner civil rights cases may be referred to a neutral magistrate judge for settlement proceedings.  The proceedings will consist of one or more conferences as determined by Magistrate Judge Nandor Vadas.  The conferences shall be conducted at a location to be determined by Magistrate Judge Vadas with Plaintiff as well as Defendants and/or the representative for Defendants attending.

Good cause appearing, the present case will be REFERRED to Magistrate Judge Vadas for *mandatory* court-ordered settlement proceedings pursuant to the Pro Se Prisoner Settlement Program.  The proceedings shall take place within **sixty (60) days** after the date of this Order; or as soon thereafter as is convenient to the magistrate judge's calendar.  Magistrate Judge Vadas shall coordinate a time and date for a settlement proceeding with all interested parties and/or their representatives and, within **ten (10) days** after the conclusion of the settlement proceedings, file with the Court a report regarding the settlement proceedings and provide Chambers with a courtesy copy.

**CONCLUSION**

For the reasons stated above, Defendants' *ex parte* request for an extension of time is DENIED.

Plaintiff's action is referred to the Pro Se Prisoner Settlement Program for *mandatory* settlement proceedings, as directed above. **The Clerk of the Court shall provide a copy of the court documents that are not available electronically, including a copy of this Order, to Magistrate Judge Vadas in Eureka, California.**

**If Defendants fail to meet any future deadlines, the Court may consider the imposition of monetary sanctions. No further extensions of time will be granted in this case absent extraordinary circumstances.**

IT IS SO ORDERED.

DATED:  March 7, 2013

**Y**VONNE **G**ONZALEZ **R**OGERS
**U**NITED **S**TATES **D**ISTRICT **C**OURT **J**UDGE